JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robyn A. Roldan

## DEFENDANTS
VisionQuest National, Ltd.

**(b)** County of Residence of First Listed Plaintiff   Franklin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 800 Westdale Avenue, Swarthmore, PA 19081, 610-896-9909

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, ADAAA and Title VII

Brief description of cause:
Wrongful termination due to violations of FMLA, ADAAA, Title VII, 42 USC Section 1981 and PHRA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Unliquidated
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 5/4/17
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBYN A. ROLDAN : | |
|    Plaintiff : | CIVIL ACTION NO. |
| : | |
| v. : | JURY TRIAL DEMANDED |
| : | |
| VISIONQUEST NATIONAL LTD : | |
|    Defendant : | |

## COMPLAINT

**I.    INTRODUCTION**

1. Plaintiff, Robyn A. Roldan (Roldan), brings this action under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2611, et seq., the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.A. § 12101 *et seq.* (ADAAA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, as amended by the Civil Rights Act of 1991 (Title VII), 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* (PHRA). Roldan seeks back pay, front pay in lieu of reinstatement, compensatory damages (under the ADAAA, Title VII, Section 1981 and PHRA only), punitive damages (under the ADAAA, Title VII and Section 1981 only), liquidated damages (under the FMLA only), interest, negative tax consequence damages, and attorney's fees and costs (including expert witness fees) from Defendant, VisionQuest National Ltd. (VisionQuest).

**II.    JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, the ADAAA, Title VII, Section 1981 and the FMLA. Furthermore, VisionQuest's conduct with regard to Roldan violated the PHRA, and the pendant jurisdiction of this Court is invoked to remedy those violations.

3. The unlawful acts and practices of VisionQuest were committed within or upon the direction of VisionQuest's agents, servants, employees and/or representatives within the Middle District of Pennsylvania.

4. Roldan has exhausted all remedies available to her as set forth in the ADAAA and Title VII by timely filing a complaint with the Pennsylvania Human Relations Commission (PHRC). That complaint was dually filed with the EEOC.

5. The EEOC issued a Notice of Right to Sue on March 31, 2017 and this complaint is filed within 90 days of Roldan's receipt of the EEOC's notice.

### III. PARTIES

6. Roldan is a black female and she resides in Chambersburg, PA.

7. Defendant, VisionQuest, is an Arizona corporation and is a national provider of juvenile rehabilitation services. VisionQuest maintains a corporate office in Tucson, Arizona and has maintained facilities in Pennsylvania located at Rocky Mountain Road, South Mountain, Franklin County, PA and at Warfordsburg, Fulton County PA (referred to as 'Breezewood' facility). Upon information and belief, VisionQuest runs additional facilities in Pennsylvania and in eight other states.

8. At all material times hereto, VisionQuest acted through its employees, agents, or representatives who were acting within the course and scope of their employment and authority.

### IV. FACTUAL BACKGROUND

9. VisionQuest employed Roldan initially as a child care worker supervisor and subsequently as a Title I instructor from October 2012 through May 2015.

10. Roldan worked at VisionQuest's South Mountain facility from October 2012 through approximately January 2013 and at the Breezewood facility from approximately February 2013 through May 2015.

11. On February 23, 2015, Roldan was in a car crash. As a result of the crash, Roldan suffered serious injuries to her neck and back.

12. On February 24, Roldan's husband Justino Roldan contacted VisionQuest and spoke with his wife's supervisor, Alicia Duff, Principal and School Director, white. Mr. Roldan informed Ms. Duff that his wife was in a car crash the night before and would be out of work.

13. On February 25, Roldan emailed Ms. Duff to ensure she knew that Roldan had been in a car crash. Roldan attached a doctor's note to her email and a photo of her car.

14. Later on February 25, Ms. Duff emailed Roldan to confirm she knew that Roldan had been in a car crash and she received the doctor's note.

15. On February 27, Sarah Sandoval, Risk Management Assistant, issued a Notice of Eligibility and Rights & Responsibilities to Roldan informing her that she was eligible for an FMLA leave of absence due to her own serious health condition.

16. Roldan subsequently provided a completed Certification of Health Care Provider for Employee's Serious Health Condition and VisionQuest Employee/Patient Physical Capabilities sheet from Dr. Michael Demarco. The physical capabilities sheet detailed Roldan's physical capabilities.

17. On April 24, Roldan emailed Ms. Sandoval a note from Dr. Demarco stating that she may return to work with light duty recommendations within two months.

18. Later on April 24, Ms. Sandoval requested clarification regarding Dr. Demarco's light duty recommendations. On approximately April 27, Roldan emailed Ms. Sandoval another note from Dr. Demarco. The note stated as follows:

Robyn A Roldan is under my care and has been advised to follow the recommendations below:

- May return to work with light duty recommendations: duration 2 months
- No physical restraints
- No excessive walking
- No lifting greater than 10 lbs

Please call the office at the number above should you have any questions.

19. On April 28, 29 and 30, Roldan left voice mails for Ms. Sandoval to inquire about the status of her returning to work. Ms. Sandoval did not respond to Roldan until April 30 when she informed Roldan that VisionQuest was reviewing her return to work documents and would be in touch with her shortly. On May 1, Roldan emailed Ms. Sandoval asking whether she could return to work on Monday May 4.

20. On May 4 and 5, Roldan left voice mails for Ms. Sandoval to further inquire about the status of her returning to work. On May 6, Roldan again emailed Ms. Sandoval. Ms. Sandoval finally responded later that day and told Roldan she had still not heard from the program and as soon as she did she would contact Roldan.

21. Later on approximately May 6, Amberly Shaffer and Julia Hurd, both HR representatives, contacted Roldan. Mss. Shaffer and Hurd informed Roldan that she was being terminated for violating boundary rules by having youths as friends on Facebook. Roldan stated that was not true. She said that she did use her live.com email address for student business, which including helping students find employment.

22. Approximately a week later, just Ms. Shaffer contacted Roldan. Ms. Shaffer told Roldan that she was now being terminated for using her personal email to correspond with the students.

23. Roldan provided her live.com email address to students to use for job references. She did not email back and forth with any students using her live.com email address.

24. For at least 1 ½ years prior to VisionQuest terminating Roldan, Ms. Duff was aware that Roldan used her live.com email address for work purposes. Prior to Roldan taking an FMLA leave of absence from February – April 2015 and requesting a reasonable accommodation upon her return to work in April 2015, neither Ms. Duff nor any other VisionQuest administrative staff who was aware the Roldan used her live.com email address for work purposes questioned Roldan about this or disciplined her for violating policy for doing this.

25. White employees who took a leave of absence and were permitted to return to work with restrictions include Ms. Duff (she took maternity leaves of absence in 2012 and 2014; she had 'no restraint' restrictions for several months after returning from both of her maternity leaves), and Norma (last name unknown)(she is a child care worker who took a sick leave of absence in approximately 2014 and was permitted to return to work on light duty for approximately one month).

26. Roldan is disabled pursuant to the ADAAA because she has physical and/or neurological impairments – back and neck pain - that substantially limit the following major life activities – walking, running, kneeling, bending, lifting, caring for oneself,

performing manual tasks and work. The preceding list of major life activities is not intended to be an exclusive or exhaustive list.

27. Alternatively, Roldan is disabled pursuant to the ADAAA and PHRA because VisionQuest regarded and treated her as disabled and/or she had a record of a disability.

28. Roldan is disabled pursuant to the PHRA because she has a non-job related disability (physical and/or neurological impairments – back and neck pain) that substantially limit the following major life activities – walking, running, kneeling, bending, lifting, caring for oneself, performing manual tasks and work. The preceding list of major life activities is not intended to be an exclusive or exhaustive list.

29. VisionQuest failed to reasonably accommodate Roldan's medical condition.

30. During her tenure at VisionQuest, Roldan satisfactorily performed her job, she received positive performance evaluations and pay raises, and she was named staff of the month in approximately August 2014.

31. VisionQuest terminated Roldan based on disability discrimination (actual disability, record of disability and/or regarded as disabled) and/or race discrimination.

32. Roldan is an "eligible employee" under the FMLA.

33. Roldan was entitled to take up to 12 work weeks of unpaid leave for her own serious health conditions without repercussions pursuant to the FMLA.

34. VisionQuest is an "employer" under the FMLA.

35. Alternatively or additionally to paragraph 31, VisionQuest illegally terminated Roldan in retaliation for asserting her rights under the FMLA and/or for requesting and taking family leave.

36. Roldan has suffered, is now suffering and will continue to suffer emotional distress, embarrassment, humiliation, suffering, inconvenience, mental anguish, and other nonpecuniary losses as a direct result of VisionQuest's unlawful conduct.

37. VisionQuest engaged in discrimination and retaliation against Roldan with malice or reckless indifference to her rights under the ADAAA, Title VII and Section 1981.

## V. CLAIMS

### COUNT I – ROLDAN v. VISIONQUEST
### FMLA – INTERFERENCE and RETALIATION

38. Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

39. The acts, failures to act and conduct of VisionQuest set forth above constitute interference with Roldan's substantive rights and retaliation against Roldan for exercising her rights under the FMLA.

WHEREFORE, Plaintiff, Roldan, respectfully demands judgment in her favor and against Defendant, VionsQuest, for back pay, front pay in lieu of reinstatement, liquidated damages, interest, attorney's fees and costs (including expert witness fees), and declaratory relief that the conduct engaged in by ViosnQuest violated the FMLA and such other relief as the Court shall deem proper.

### COUNT II – ROLDAN v. VISIONQUEST
### DISABILITY DISCRIMINATION - ADAAA and PHRA

40. Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

41. The acts, failures to act, practices and policies of VisionQuest set forth above constitute disability discrimination in violation of the ADAAA and PHRA.

WHEREFORE, Plaintiff, Roldan, respectfully demands judgment in her favor and against Defendant, VisionQuest, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, punitive damages (for ADAAA claim only), back pay, front pay, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by VisionQuest violated Roldan's civil rights, equitable/injunctive relief directing VisionQuest to cease any and all unlawful disability discrimination against their employees and such other relief as the Court shall deem appropriate.

### COUNT III – ROLDAN v. VISIONQUEST
### DISABILITY RETALIATION – ADAAA and PHRA

42. Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

43. The acts, failures to act, practices and policies of VisionQuest set forth above constitute disability retaliation in violation of the ADAAA and PHRA.

WHEREFORE, Plaintiff, Roldan, respectfully demands judgment in her favor and against Defendant, VisionQuest, for compensatory damages for emotional distress, mental anguish, humiliation and embarrassment, punitive damages (for ADAAA claim only), back pay, front pay, interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by VisionQuest violated Roldan's civil rights, equitable/injunctive relief directing VisionQuest to cease any and all unlawful disability retaliation against their employees and such other relief as the Court shall deem appropriate.

## COUNT IV - ROLDAN v. VISIONQUEST
### RACE DISCRIMINATION – Title VII, 42 U.S.C. § 1981 and the PHRA

44. Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

45. The acts, failures to act and conduct of VisionQuest set forth above constitute intentional discrimination on the basis of Roldan's race in violation of Title VII, Section 1981 and the PHRA.

WHEREFORE, Plaintiff, Roldan, respectfully demands judgment in her favor and against Defendant, VisionQuest, for back pay and back benefits, front pay and front benefits, compensatory damages, punitive damages, attorney's fees plus costs, interest, negative tax consequence damages, declaratory relief that the conduct engaged in by VisionQuest violated Roldan's civil rights, equitable/injunctive relief directing VisionQuest to cease any and all racially discriminatory conduct against their employees and such other relief as the Court shall deem appropriate.

|  |  |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| By: /s/ Susan K. Pickford | By: /s/ Scott M. Pollins |
| Susan K. Pickford | Scott M. Pollins |
| Pa. Atty. Id. No. 43093 | Pa. Atty. Id. No. 76334 |
| 3400 Trindle Road | 800 Westdale Avenue |
| Camp Hill, PA 17011 | Swarthmore, PA 19081-2311 |
| (717)695-3294 (p) | (610) 896-9909 (phone) |
| (717)695-3592 (f) | (610) 896-9910 (fax) |
| (717)777-1210 (c) | scott@pollinslaw.com (email) |
| attorneypickford@gmail.com |  |

Attorneys for Plaintiff, Robyn A. Roldan

Date: 5/4/17

9